IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REGIONAL MANGEMENT CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | 2:22-CV-238-Z-BR |
| TAMISHA BROWN, | § § § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

On December 16, 2022, Plaintiff Regional Management Corporation ("Plaintiff") filed a Complaint seeking the confirmation of an arbitration award against Defendant Tamisha Brown ("Defendant"). (ECF 1). The growing consensus among trial courts in this circuit is that complaints seeking the confirmation of an arbitration award are to be treated as motions rather than a civil action onto itself. *Teverbaugh v. Lima One Capital, LLC*, 2020 WL 448259, at *1 (E.D. Miss. Jan. 28, 2020) (citing *Alstom Power, Inc. v. S&B Eng. & Constructors*, 2007 WL 1284968, at *2 (N.D. Tex. Apr. 20, 2007)). Accordingly, the undersigned will construe the filing as a Motion to Confirm the Arbitration Award.

The Federal Arbitration Act ("FAA") requires a reviewing court to confirm an arbitration award "unless grounds exits to vacate, modify, or correct its terms." *Baylor Health Car System v. Equitable Plan Services, Inc.*, 955 F. Supp. 2d 678, 693 (N.D. Tex. Jul. 5, 2013). The party opposing confirmation bears the burden of proof. *Id.* However, because Defendant failed to respond here, Plaintiff's request is considered unopposed.[1] *McKenzie v. Principi*, 83 Fed. App'x

---

[1] The Clerk's Officer issued a summons to Defendant on December 19, 2022, (ECF 4), and she was personally served on January 26, 2023. (ECF 10).

642, 643 (5th Cir. 2003); (ECF 4; 9; 10). Accordingly, and after a review of the information submitted, the undersigned concludes that no grounds exist to vacate, modify, or correct the arbitration award.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the arbitration award that is the subject of this matter be confirmed and judgment so rendered.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on May 22, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).